UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
IRINA GALANOVA and PETER GITZIS

                Plaintiffs,

– against –

ADAM LEITMAN BAILEY, P.C.,
ADAM LEITMAN BAILEY and MASSIMO F. D'ANGELO

                Defendants.
---------------------------------------------------------------------x

17 CV 4915

COMPLAINT

JURY DEMAND

      Plaintiffs, Irina Galanova ("Ms. Galanova") and Peter Gitzis ("Mr. Gitzis"), in their complaint against Defendants, Adam Leitman Bailey, P.C. ("ALBPC"), Adam Leitman Bailey, Esq ("Mr. Bailey") and Massimo F. D'Angelo ("Mr. D'Angelo") allege upon information and belief, as follows:

### SUMMARY OF CLAIM

1. This is an action to recover treble damages under Judiciary Law § 487 and for actual and statutory damages based upon the Defendants' violation of Plaintiffs' rights under the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).
3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiffs are adult individuals residing in the City of New York, County of Kings.

5.      Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant ADAM LEITMAN BAILEY, P.C. is a law firm registered as a professional corporation under the laws of the State of New York with principal place of business at One Battery Park Plaza, 18th Floor, New York, New York 10004.

7.      ADAM LEITMAN BAILEY, P.C. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.      Defendant Adam Leitman Bailey is an attorney licensed to practice law in the State of New York, and a partner in the professional corporation ADAM LEITMAN BAILEY, P.C.

9.      Defendant Massimo F. D'Angelo is an attorney licensed to practice law in the State of New York, and a partner in the professional corporation ADAM LEITMAN BAILEY, P.C.

## BACKGROUND

10.     Plaintiffs are the shareholders of the 40-50 Brighton First Road Apartment Corp.

11.     In 2010, 40-50 Brighton First Road Apartment Corp. retained the law firm of Adam Leitman Bailey, P.C. to collect a debt consisting of rent and additional rent arrears from multiple premises including the petitioners' units 40-6D, 40- 7D, 40-7K, 40-11M, and 40-7J.

12.     In 2011, ADAM LEITMAN BAILEY, P.C. commenced more than fifty non-payment proceedings against multiple shareholders of 40-50 Brighton First Road Apartment Corp. including Index No. L&T 50062/11, 50063/11, 50065/11, 50261/11 and 79124/11.

13.     Riva Kloss is a defendant in two non-payment proceedings: Index No. L&T 50063/11 and 50261/11; and co-defendant in L&T 50065/11.

14.     **However the Civil Court of the City of New York, County of Kings lacks jurisdiction on the bases that Ms. Kloss died on April 6, 1998 at an approximate age of 86. Date of birth is December 20, 1911. Place of deposition is New Montefiore Cemetery.**

15.     Thus non-payment proceedings against Ms. Kloss, Index No. L&T 50063/11, 50261/11 and L&T 50065/11 should be held *void ab initio*.

16. A three day rent demand notice, Index No. L&T 79124/11, signed by Ellen Fox and dated June 14, 2011, alleged that Ms. Galanova 'justly indebted to the undersigned landlord in the total sum of $7,948.21 for rent and additional rent':

| | |
|---|---|
| Rent Due And Owing For: October, 2010: | $655.76 |
| Rent Due And Owing For: November, 2010: | $655.76 |
| Rent Due And Owing For: December, 2010: | $655.76 |
| Rent Due And Owing For: January, 2011: | $655.76 |
| Rent Due And Owing For: February, 2011: | $655.76 |
| Rent Due And Owing For: March, 2011: | $655.76 |
| Rent Due And Owing For: April, 2011: | $672.15 |
| Rent Due And Owing For: May, 2011: | $672.15 |
| Rent Due And Owing For: June, 2011: | $672.15 |
| Additional Rent Due And Owing As Assessment For The Landlord's Compliance With Local Law 11: November, 2010: | $1,592.00 |
| Additional Rent Due And Owing As Late Fees: June, 2010: (partial payment): | $15.20 |
| Additional Rent Due And Owing As Late Fees: July, 2010: | $25.00 |
| Additional Rent Due And Owing As Late Fees: August, 2010: | $25.00 |
| Additional Rent Due And Owing As Late Fees: September, 2010: | $25.00 |
| Additional Rent Due And Owing As Late Fees: October, 2010: | $25.00 |
| Additional Rent Due And Owing As Late Fees: November, 2010: | $25.00 |
| Additional Rent Due And Owing As Late Fees: December, 2010: | $25.00 |
| Additional Rent Due And Owing As Late Fees: January, 2011: | $25.00 |
| Additional Rent Due And Owing As Late Fees: February, 2011: | $25.00 |
| Additional Rent Due And Owing As Late Fees: March, 2011: | $25.00 |
| Additional Rent Due And Owing As Late Fees: April, 2011: | $25.00 |
| Additional Rent Due And Owing As Late Fees: May, 2011: | $25.00 |
| Additional Rent Due And Owing As Late Fees: June, 2011: | $25.00 |
| Additional Rent Due And Owing As Legal Fees: June, 2011: | $90.00 |
| **TOTAL OWED:** | $7,948.21 |

17. The same amount of $7,948.21 was claimed in a validation notice signed by Emily Tejerina, Esq. and dated June 14, 2011.

18.  A non-payment petition, Index No. L&T 79124/11, alleged that Ms. Galanova owed rent for the subject premises (unit 40-7J) in the amount of $6,527.73:

> 5. Pursuant to said tenancy there is due to Landlord from Respondent-Tenant, through June, 2011, the sum of $ 6,527.73 in rent as follows:
>
> | | |
> |---|---:|
> | Rent Due And Owing For: December, 2010: (partial payment) | $522.00 |
> | Rent Due And Owing For: January, 2011: | $655.76 |
> | Rent Due And Owing For: February, 2011: | $655.76 |
> | Rent Due And Owing For: March, 2011: | $655.76 |
> | Rent Due And Owing For: April, 2011: | $672.15 |
> | Rent Due And Owing For: May, 2011: | $672.15 |
> | Rent Due And Owing For: June, 2011: | $672.15 |
> | Additional Rent Due And Owing As Assessment For The Landlord's Compliance With Local Law 11: November, 2010: | $1,592.00 |
> | Additional Rent Due And Owing As Late Fees: January, 2011: | $25.00 |
> | Additional Rent Due And Owing As Late Fees: February, 2011: | $25.00 |
> | Additional Rent Due And Owing As Late Fees: March, 2011: | $25.00 |
> | Additional Rent Due And Owing As Late Fees: April, 2011: | $25.00 |
> | Additional Rent Due And Owing As Late Fees: May, 2011: | $25.00 |
> | Additional Rent Due And Owing As Late Fees: June, 2011: | $25.00 |
> | Additional Rent Due And Owing As Legal Fees: June, 2011: | $280.00 |
> | **TOTAL OWED:** | $6,527.73 |

19. However, a Tenant Profile for unit 40-7J alleged different arrears amounts with the Total Balance Due as of 6/27/11 in the sum of $8,930.85:

| Unit Address |
| --- |
| 40-50 BRIGHTON FIRST ROAD<br>Unit 40-7J<br>BROOKLYN NY 11235 |

| Billing Address | |
| --- | --- |
| IRINA GALANOVA<br>40-50 BRIGHTON FIRST ROAD<br>Unit 40-7J<br>BROOKLYN NY 11235 | |
| Contact Info | Status Codes |
| Home Phone<br>Office Phone<br>Fax<br>Cell Phone<br>Email | OWNER OCCUPIED |

| Tenant Notes | | | |
| --- | --- | --- | --- |
| Total Balance Due as of 06/27/11 | | | 8,930.85 |
| Billing Period | Chge Code | Charge Description | Balance |
| 06/01/11 | 32 | Late Fee | 25.00 |
| 05/01/11 | 32 | Late Fee | 25.00 |
| 04/01/11 | 32 | Late Fee | 25.00 |
| 03/01/11 | 32 | Late Fee | 25.00 |
| 02/01/11 | 32 | Late Fee | 25.00 |
| 01/01/11 | 32 | Late Fee | 25.00 |
| 12/01/10 | 32 | Late Fee | 25.00 |
| 11/01/10 | 55 | LL11 Assessmnt | 1,592.00 |
| 10/01/10 | 32 | Late Fee | 25.00 |
| 09/01/10 | 32 | Late Fee | 25.00 |
| 08/01/10 | 32 | Late Fee | 25.00 |
| 07/01/10 | 32 | Late Fee | 25.00 |
| 07/01/10 | 13 | Legal Fees | 1,330.00 |
| 06/01/10 | 32 | Late Fee | 25.00 |
| 06/01/10 | 13 | Legal Fees | 82.44 |
| 05/01/10 | 13 | Legal Fees | 357.50 |
| 05/01/10 | 32 | Late Fee | 25.00 |
| 04/01/10 | 32 | Late Fee | 118.77 |
| 04/01/10 | 13 | Legal Fees | 448.52 |
| 03/31/10 | 32 | Late Fee | 25.00 |
| 02/28/10 | 32 | Late Fee | 25.00 |
| 01/31/10 | 13 | Legal Fees | 350.00 |
| 01/31/10 | 32 | Late Fee | 25.00 |
| 12/31/09 | 32 | Late Fee | 25.00 |
| 11/30/09 | 13 | Legal Fees | 33.75 |
| 11/30/09 | 32 | Late Fee | 25.00 |
| 11/30/09 | 54 | Intercomm | 1,625.63 |
| 10/31/09 | 26 | Repairs | 2,438.03 |
| 10/31/09 | 32 | Late Fee | 25.00 |
| 06/30/09 | 13 | Legal Fees | 79.21 |
| Balances by Charge Code | | | |
| | 32 | Late Fee | 593.77 |
| | 55 | LL11 Assessmnt | 1,592.00 |
| | 13 | Legal Fees | 2,681.42 |
| | 54 | Intercomm | 1,625.63 |
| | 26 | Repairs | 2,438.03 |

20. Tenant profile includes Intercomm charges in the amount of $1,625.63 and Repairs in the amount of $2,438.03. However, the 'Intercom' case, Index No. L&T 75963/10, was dismissed by Hon. Judge Oymin Chin on October 1, 2010:

---

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART S
------------------------------------------------------------X
40-50 BRIGHTON FIRST ROAD APARTMENTS
CORP.,

          INDEX NO. L&T 75963/10

    Petitioner-Landlord,

          DECISION/ORDER

  -against-

IRINA GALANOVA,

    Respondent-Tenant.
------------------------------------------------------------X

HON. OYMIN CHIN, J.H.C.

  Petitioner commenced this summary non-payment proceeding against respondent to collect maintenance charges for apartment 7-J in a building located at 40 Brighton First Road, Brooklyn, New York, and for the costs of repairs pursuant to paragraphs 1(a), 19, 25 and 28 of the proprietary lease. Respondent, through her attorney, interposed an answer raising affirmative defenses and counterclaim.

  A trial was held on September 8, 2010. Igor Pogrinoy, the owner of New York Security Solutions, Michael Sabovic, the building superintendent, and Rimma Bon, the Board President, testified on behalf of the petitioner. Irina Galanova testified on her own behalf.

  After hearing all the testimony and the evidence offered at trial, the petition must be dismissed. The petitioner has failed to prove, through any credible testimony that respondent owed any maintenance for any month. Ms. Bon, on cross examination, could not remember if respondent had paid April 2010 maintenance nor did she produce any record to show that it was not paid. With respect to the repairs under paragraphs 19 and 25

> of the proprietary lease, petitioner failed to present any evidence that the intercom system was a repair. Rather, the evidence presented by petitioner indicated that the work on the intercom system was a major capital improvement and not a repair. There was lack of any evidence that there was a need for repair of the intercom system. Lastly, the petitioner has failed to comply with the notice requirement for default of proprietary lease. Paragraph 27 provides that "[a]ny notice by or demand from either party to the other shall be duly given only if in writing and sent by certified or registered mail, return receipt requested: . . . if to the Lessee, addressed to the building." The record is devoid of any notice pursuant to paragraph 27 of the proprietary lease.
>
> For the reasons set forth above, the proceeding is dismissed.
>
> This is the decision and order of the Court.
>
> Dated: Brooklyn, New York
> October 1, 2010
>
> OYMIN CHIN, J. HOUSING PART
>
> The parties may retrieve their documents from room 504.

21. Court records, Index No. L&T 50062/11, 50063/11, 50065/11, 50261/11 and 79124/11, lacks any notice pursuant to paragraph 27 of the proprietary lease of a claimed default under the proprietary lease.

22. Non-payment petitions, Index No. L&T 50062/11, 50063/11, 50065/11, 50261/11 and 79124/11 alleged that Mr. Gitzis, Ms. Kloss and Ms. Galanova owed 'Additional Rent Due And Owing As Assessment For The Landlords Compliance With Local Law 11: November, 2010' in the amount of $8 per share as follows:

> Index No. L&T 50062/11 – $1,296.00
> Index No. L&T 50063/11 – $1,248.00
> Index No. L&T 50065/11 – $1,240.00
> Index No. L&T 50261/11 – $1,120.00
> Index No. L&T 79124/11 – $1,592.00

23.     ADAM LEITMAN BAILEY, P.C. failed to provide any evidence that Mr. Gitzis, Ms. Kloss and Ms. Galanova owed any money for the Local Law11( Façade Inspection and Safety Program) under the proprietary lease and failed to provide proof that repairs or "Façade Repairs" ever occurred.

24.     The filing window for Local Law 11, Sub-Cycle 7B, Cycle 7 for 40-50 Brighton First Road was determined as **February 21, 2011 - August 21, 2012**.

25.     In January 2012, Mr. Gitzis suffered a stroke.

26.     On February 27, 2013, ALBPC filed an Order to Show Cause against disabled Mr. Gitzis and deceased Ms. Kloss 'to investigate just what is going here and whether there should be appointed a guardian ad litem and perhaps even a criminal investigation' and 'as to whether a Guardian Ad Litem should be appointed to protect the interests of Respondent PETER GITZIS in each of the aforecaptioned cases and whether a referral to the District Attorney of the County of Kings is warranted under the circumstances presented.'

27.     Riva Kloss is the deceased mother of Mr. Gitzis. The 40-50 Brighton First Road Apartments Corp., Adam Leitman Bailey, P. C. and Mr. D'Angelo have been suing an elderly disabled person, Peter Gitzis, and his deceased mother, Riva Kloss, for the past 6 years.

28.     As of April 21, 2014, according to the books and records maintained by ALBPC office, 40-50 Brighton First Road Apartment Corp has incurred legal fees in the prosecution of more than fifty non-payment proceedings in the sum of $408,718.12, of which the sum of $19,114.76 was allocated to unit 40-7J, and the sums of $12,288.68, $12,280.96, $12,280.96 and $12,311.51 were allocated to units 40-6D, 40-7D, 40-7K and 40-11M respectively.

29.     Hon. Judge John S. Lansden's decision, dated August 16, 2016 awarded a final judgment against Ms. Galanova in the amount of $13,957.50. No attorney's fees were awarded against Mr. Gitzis and Ms. Kloss. Additionally, there is no statement regarding the specific amount of attorney's fee sought to be collected from units 40-6D, 40-7D, 40-7K and 40-11M (L&T 50062/11, 50063/11, 50065/11, 50261/11).

30.     On September 22, 2016, Mr. D'Angelo affirmed that Hon. Judge John S. Lansden's decision and order neglected to include an award of 22% prejudgment interest.

31.     On August 20, 2016, Hon. Judge John S. Lansden denied Mr. D'Angelo's motion 'due to no appearance movant'.

32.     The August 16, 2016 court decision lacks an explanation regarding the legal services provided by Adam Leitman Bailey, P.C. in connection with unit 40-7J in the amount of $13,957.50, Index No. 79124-11.

33.     Even if attorneys' fee are authorized by contract, and if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors.
Pursuant to 15 U.S.C. § 1692e, 'A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'
Pursuant to 15 U.S.C. § 1692e(2) 'The false representation of – (A) the character amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt' is a violation of 15 U.S.C. § 1692e.

34.     ALBPC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Adam Leitman Bailey, P.C failed to accurately state the amount of petitioner's debt under U.S.C. § 1692g(a)(1), mislead under § 1692e, and unfairly collected fees under § 1692f(1).

## APPLICABLE STATUTES AND RULES

35.     **Part 1200 Rules of Professional Conduct**
        **Rule 8.4.**
*Misconduct*
A lawyer or law firm shall not:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(b) engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice;
(e) state or imply an ability:
    *(1)* to influence improperly or upon irrelevant grounds any tribunal, legislative body or public official; or
    *(2)* to achieve results using means that violate these Rules or other law;
(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;

36.     **22 CRR-NY 130-1.1**

**Subchapter C. Rules of the Chief Administrator of the Courts**
**130-1.1 Costs; sanctions.**

(a) The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part, which shall be payable as provided in section 130-1.3 of this Subpart. This Part shall not apply to town or village courts, to proceedings in a small claims part of any court, or to proceedings in the Family Court commenced under article 3, 7 or 8 of the Family Court Act.

(b) The court, as appropriate, may make such award of costs or impose such financial sanctions against either an attorney or a party to the litigation or against both. Where the award or sanction is against an attorney, it may be against the attorney personally or upon a partnership, firm, corporation, government agency, prosecutor's office, legal aid society or public defender's office with which the attorney is associated and that has appeared as attorney of record. The award or sanctions may be imposed upon any attorney appearing in the action or upon a partnership, firm or corporation with which the attorney is associated.

(c) For purposes of this Part, conduct is frivolous if:

    (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;

    (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

    (3) it asserts material factual statements that are false.

Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.

(d) An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.

**The Fair Debt Collection Practices Act**

37. **15 U.S. Code § 1692e - False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

**(2)** The false representation of—

(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

38.   **15 U.S. Code § 1692f - Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39. **15 U.S. Code § 1692g - Validation of debts**

**(a) Notice of debt; contents** Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
**(1)** the amount of the debt;

40.   **New York Judiciary Law § 487. Misconduct by attorneys**

An attorney or counselor who:
1.   Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
2.   Willfully delays his client's suit with a view to his own gain; or, willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

41.   Defendants violated Plaintiffs' rights under the New York Judiciary Law § 487, the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

42.   As a direct result of Defendants' conduct, Plaintiffs are entitled to treble and punitive damages in an amount to be proven at trial and not less than $125 million.

WHEREFORE, plaintiffs respectfully demand judgment against defendants, jointly and severally, for the following relief:

1.   The total legal fees and expenses paid by plaintiffs in connection with their defense of the litigation, and the total amount then trebled;

2.   Punitive damages in an amount to be determined by the Court;

3.   Awarding reasonable attorney's fees, costs and disbursements; and

4.   Granting such other, further or different relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

Dated: New York, Brooklyn
       June 29, 2017

40 Brighton First Road Apt 7J,
Brooklyn, NY 11235

Respectfully Submitted,

*Irina Galanova*
IRINA GALANOVA
(917) 748-8845

*Peter Gitzis*
PETER GITZIS
peter.gitzis@gmail.com