UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
                                                  :
IRINA GALANOVA,                                   :
                                                  :
                            Plaintiff,            :
                                                  :          17-CV-4915 (VSB)
             - against -                          :
                                                  :          **OPINION & ORDER**
                                                  :
ADAM LEITMAN BAILEY, P.C., et al.,                :
                                                  :
                            Defendants.           :
                                                  :
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/13/2020___

Appearances:

Irina Galanova
Brooklyn, NY
*Pro se Plaintiff*

Colin E. Kaufman
William J. Geller
Adam Leitman Bailey, P.C.
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Before me is Defendants' motion to dismiss the pro se Plaintiff's Amended Complaint

pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 69.)  Because I lack

jurisdiction over this case pursuant to the *Rooker-Feldman* doctrine, Defendants' motion to

dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED.

I.     **Factual Background and Procedural History**[1]

Plaintiff Irina Galanova ("Plaintiff") is a shareholder of a co-op in Kings County, New York, the 40-50 Brighton First Road Apartments Corporation ("40-50").  (Am. Comp. ¶ 15.)[2]  In 2010, 40-50 retained Defendant Adam Leitman Bailey, P.C. (the "Firm") to collect payment of rent and additional rent arrears from multiple 40-50 apartments, including Plaintiff's unit, 40-7J.  (*Id.* ¶ 16.)  Defendants Adam Leitman Bailey, Massimo F. D'Angelo, Colin E. Kaufman, Jeffrey R. Metz, David M. Treiman, Christopher E. Halligan, and Meredith P. Grasso ("Individual Defendants," and together with the Firm, "Defendants") are all present or former attorneys at the Firm.  (*Id.* ¶ 8–14.)[3]

On June 14, 2011, Plaintiff received notices from 40-50 of her past due rent obligations and assessments, (*id.* ¶¶ 28–30), and further received notice of an outstanding special assessment balance, (*id.* ¶ 31).  Thereafter, Defendants commenced more than fifty non-payment proceedings, including a proceeding against Plaintiff, in the Civil Court of the City of New York, County of Kings, Housing Part (the "Civil Court").  (*Id.* ¶ 17.)  The Civil Court non-payment proceedings moved at a "glacial" pace, and on April 1, 2014, the Civil Court issued a decision dismissing many of the proceedings but "specifically reserve[ing] the parties' rights to seek counsel fees."  (Geller Decl. Ex. C, at 1–3.)[4]  Both parties moved for fees before the Civil Court,

---

[1] The facts set forth in this section are derived from Plaintiff's Amended Complaint, (Doc. 6), as well as state court opinions and orders of which I take judicial notice, *see Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation omitted)).  I assume the allegations set forth in Plaintiff's Amended Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Comp." refers to the Amended Complaint, filed July 20, 2017.  (Doc. 6.)

[3] On May 15, 2019, Defendants filed a notice of Defendant Adam Leitman Bailey, P.C.'s name change.  (Doc. 68.)  This defendant now goes by the name Desiderio, Kaufman & Metz, P.C.

[4] "Geller Decl." refers to the Declaration of William J. Geller in Support of Defendant's Motion to Dismiss the Amended Complaint, filed May 15, 2019.  (Doc. 69-1.)  Exhibit C to the Geller Declaration is a copy of a

and Judge John S. Lansden issued a decision and order dated September 14, 2014, granting

Defendant's motion for attorneys' fees.  (*Id.*)  The Civil Court then scheduled a hearing to

determine the exact amount of fees due, and after prolonged proceedings determined that "legal

fees in the amount of $13,957.50 [would] be assessed" against multiple 40-50 shareholders,

including Plaintiff.  (*Id.* at 10.)  Pursuant to this decision and order, on October 26, 2016, the

Chief Clerk of the Kings County Civil Court entered a Landlord and Tenant Judgment against

Plaintiff in the amount of $13,957.50 ("Civil Court Judgment").  (Geller Decl. Ex. D.)[5]

Defendants represent that "Plaintiff has not appealed the Civil Court Judgment, and has paid the

face amount of the Judgment, though there are ongoing proceedings over the amount of interest

due."  (Geller Decl. ¶ 9.)

    Plaintiff filed the initial complaint in this action on June 29, 2017, (Doc. 1), and filed the

Amended Complaint on July 20, 2017, (Doc. 6).  After hearing from the parties as to why venue

was proper in this District, I determined that venue was proper and instructed the parties to meet

and confer on a briefing schedule regarding Defendants' anticipated motion to dismiss the

Amended Complaint.  (Doc. 13.)  After a dispute regarding Plaintiff's attempt to disqualify

counsel for her then co-Plaintiff—Peter Gitzis—as well as defense counsel, on May 7, 2018,

Plaintiff submitted a letter attaching a proposed second amended complaint and requesting leave

to file the proposed second amended complaint.  (Doc. 42.)  On October 18, 2018, I denied

Plaintiff's motions to disqualify, (Doc. 55), and dismissed co-Plaintiff Peter Gitzis from this

action, (Doc. 58).  After Plaintiff appealed these orders to the Second Circuit, on April 4, 2019,

---

Decision/Order dated August 16, 2016 entered by the Civil Court of the City of New York, Kings County, in *40-50 Brighton First Road Apartments Corp. v. Yelizveta Shneyerson, et al.*, Consolidated Index No. 74040/2011.

[5] Exhibit D to the Geller Declaration is a copy of a Landlord and Tenant Judgment against Plaintiff Irina Galanova entered October 26, 2016 by the Civil Court of the City of New York, Kings County, in *40-50 Brighton First Road Apartments Corp. v. Irina Galanova*, Index No. 79124/2011.

the Second Circuit issued an order dismissing Plaintiff's appeals.  (Doc. 66.)  Because Plaintiff

did not comply with my instructions regarding the filing of her proposed second amended

complaint, I entered a briefing schedule on Defendants' motion to dismiss Plaintiff's Amended

Complaint.  (Doc. 65.)

Defendants filed the instant motion to dismiss Plaintiff's Amended Complaint on May

15, 2019, supported by a memorandum of law and a declaration.  (Doc. 69.)  On July 9, 2019,

Plaintiff filed a letter in opposition to Defendants' motion to dismiss, although Plaintiff did not

oppose Defendants' legal arguments and once again sought to disqualify defense counsel.  (Doc.

76.)  Briefing on Defendants' motion to dismiss was complete when Defendants filed a letter in

reply on July 10, 2019, waiving reply and resting on their moving papers.  (Doc. 77.)

## II.   Legal Standards

Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. 69.)

### A.   *Rule 12(b)(1)—lack of subject matter jurisdiction*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a

claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the

district court lacks the statutory or constitutional power to adjudicate it."  *Morrison v. Nat'l

Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561

U.S. 247 (2010).  Although a district court resolving a motion to dismiss under Rule 12(b)(1)

"must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable

inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in

dispute, the court has the power and obligation to decide issues of fact by reference to evidence

outside the pleadings, such as affidavits," in which case "the party asserting subject matter

4

jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration and internal quotation marks omitted).  Whether a plaintiff has standing must be resolved before turning to the merits.  *See Cortlandt St. Recovery Corp. v. Hellas Telecommunications*, S.À.R.L., 790 F.3d 411, 417 (2d Cir. 2015); *see also Raines v. Byrd*, 521 U.S. 811, 820 (1997) (stating that courts must "put aside the natural urge to proceed directly to the merits of . . . [a] dispute [] to 'settle' it for the sake of convenience and efficiency," and must first inquire as to whether a plaintiff has "met [its] burden of establishing that [its] claimed injury is personal, particularized, concrete, and otherwise judicially cognizable.").

### B.      *Rule 12(b)(6)—failure to state a claim*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *Kassner*, 496 F.3d at 237.  "A complaint is deemed to include any written instrument

attached to it as an exhibit or any statements or documents incorporated in it by reference."

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotations and citation

omitted).  A court "may also consider matters of which judicial notice may be taken" in ruling on

a motion to dismiss, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008),

including docket sheets, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).  *See also*

*Global Network Commc'ns, Inc.*, 458 F.3d at 157 ("A court may take judicial notice of a

document filed in another court not for the truth of the matters asserted in the other litigation but

rather to establish the fact of such litigation and related filings." (citation omitted)).  A complaint

need not make "detailed factual allegations," but it must contain more than mere "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at

678 (internal quotation marks omitted).  Finally, although all allegations contained in the

complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Id.*

   Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers."  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)

(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Further, pleadings of a pro se party should

be read "to raise the strongest arguments that they suggest."  *Brownell v. Krom*, 446 F.3d 305,

310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)).

Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a

plausible claim supported by more than conclusory allegations.  *See Walker v. Schult*, 717 F.3d

119, 124 (2d Cir. 2013).  In other words, "the duty to liberally construe a plaintiff's complaint is

not the equivalent of a duty to re-write it."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379,

387 (S.D.N.Y. 2009) (internal quotation marks omitted).

### III.   Discussion

Plaintiff alleges that the state court's "August 16, 2016 [] decision lacks an explanation regarding the legal services provided by Adam Leitman Bailey, P.C. in connection with [Plaintiff's unit] in the amount of $13,957.50."  (Am. Comp. ¶ 47.)  Plaintiff further alleges that "[e]ven if attorneys' fees are authorized by contract, and if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors." (*Id.* ¶ 48.)  Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act by failing to accurately state the amount of Plaintiff's debt, by misleading Plaintiff, and by unfairly collecting fees, and further alleges violations of the Fourteenth Amendment, New York Judiciary Law, and Real Property Actions and Proceedings Law.  (*Id.* ¶¶ 49, 56.)  Plaintiff seeks $125 million in compensation for "[t]he total legal fees and expenses [she] paid . . . in connection with [her] defense of the [prior state court proceeding]," as well as punitive damages, reasonable attorney's fees, costs, and disbursements.  (*Id.* at Prayer for Relief.)  Defendants argue that Plaintiff's case is barred by the *Rooker-Feldman* doctrine, and further make various arguments regarding the merits of Plaintiff's claims.  (Doc. 69-6, at 13.)  Defendants are correct.

### A.   *Applicable Law -- The Rooker-Feldman Doctrine*

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).  "The doctrine is rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.'"  (*Id.* (quoting *Exxon Mobile Corp.*, 544 U.S. at 283)).  "There are four requirements for the application of *Rooker-Feldman*:  (1) the federal-court plaintiff lost in state

court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff

invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before

the district court proceedings commenced." *Id.* (internal quotations and citation omitted).  The

first and fourth requirements are "procedural," whereas the second and third are "substantive."

*Hoblock v. Albany Cty. Bd. of Election*, 422 F.3d 77, 85 (2d Cir. 2005).  "Where all four

requirements are met, a district court must dismiss for lack of subject matter jurisdiction."

*Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 274 (S.D.N.Y. 2018).

      **B.**    *Application*

      Jurisdiction over Plaintiff's case is barred by the *Rooker-Feldman* doctrine.  Regarding

the procedural factors, there is no question that the judgment of which Plaintiff complains was

issued prior to the initiation of this suit, and that Plaintiff lost in the state court proceeding.  With

respect to the substantive factors, Second Circuit precedent demonstrates that they are satisfied

here as well.

      In *Vossbrinck*, the Second Circuit reviewed a district court's dismissal, on jurisdictional

grounds, of a claim seeking title to property that was subject to a state court's foreclosure

judgment.  773 F.3d at 427.  Although the plaintiff argued that the judgement was obtained

fraudulently because of alleged misrepresentations and false documents submitted in the

foreclosure, the Second Circuit held that the plaintiff's claim was barred by the *Rooker-Feldman*

doctrine.  *Id.*  As in *Vossbrinck*, Plaintiff "is asking the federal court to determine whether the

state judgment" awarding Defendants $13,957.50 in attorneys' fees as part of the prolonged state

court non-payment proceeding was "wrongfully issued."  *Vossbrinck*, 773 F.3d at 427.

However, the Civil Court, after "specifically reserv[ing] the parties' rights to seek counsel fees"

in connection with the non-payment proceedings, issued this attorneys' fees award after

"grant[ing] [Defendants'] motion for attorneys['] fees" and holding a hearing to determine the amount of fees owed.  (Geller Decl. Ex. C, at 3.)  Adjudicating Plaintiff's dispute as to the propriety of Defendants' attorneys' fees "would require the federal court to review the state proceedings and determine that the [Landlord and Tenant] judgment was issued in error." *Vossbrinck*, 773 F.3d at 427.  Indeed, "the injury of which [Plaintiff] 'complains' in [her] claim for relief, and which [s]he seeks to have remedied, is the [Landlord and Tenant] judgment" entered by the Kings County Civil Court assessing attorneys' fees against her.  *Id.*

Although *Vossbrinck* held that "[t]he *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages . . . because the district court can determine damages liability without reviewing the propriety of [a] state court judgment," *Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 21 (2d Cir. 2016), the allegations in Plaintiff's Amended Complaint cannot be construed as merely raising a claim for damages separate and apart from the underlying state court judgment.  As noted above, the Civil Court specifically heard both parties' requests for attorneys' fees, and only granted Defendants' request.  (Geller Decl. Ex. C, at 3 ("Both sides moved this Court for attorneys fees.  By decision and order dated September 14, 2014, this Court granted [Defendants'] motion for attorneys fees.").)  Plaintiff's prayer for relief seeks, *inter alia*, "[t]he total legal fees and expenses [she] paid . . . in connection with [her] defense of the [prior state court proceeding]."  (Am. Comp. Prayer for Relief.)  This relief was specifically considered but rejected by the Civil Court, a decision that was later memorialized in the judgment entered against Plaintiff requiring her to pay Defendants' fees.

My conclusion is further buttressed by *Vossbrinck*'s endorsement of the Seventh Circuit's reasoning in *Kelley v. Med–1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008), *see Vossbrinck*, 733 F.3d at 428 n.2, a lawsuit with facts similar to the instant case that involved a state court

judgment awarding attorney's fees in a debt collection case.  In *Kelley*, the Seventh Circuit concluded that plaintiffs' Fair Debt Collection Practices Act claim was barred by the *Rooker-Feldman* doctrine where the plaintiffs alleged that the defendants fraudulently represented to a state court that they were entitled to attorneys' fees.  *Kelley*, 548 F.3d at 605.  Specifically, the *Kelley* court held that because the plaintiff's claim in essence required review of the state court judgments granting the defendants' request for fees, the court "could not determine that [the] defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees."  *Id*. ("Plaintiffs here cannot prevail on their argument that their claims are independent of the state court judgment.  They are the types of plaintiffs that *Exxon Mobil* anticipates and guards against: state court losers, who, in effect, are challenging state court judgments.").  Accordingly, the Seventh Circuit found that the district court was without jurisdiction to consider the relief the plaintiffs' sought.

In light of the above, I find that all four of the *Rooker-Feldman* requirements are satisfied.  I therefore cannot exercise jurisdiction over Plaintiff's claims, and must dismiss Plaintiff's Amended Complaint.  Because I do not have jurisdiction over Plaintiff's suit, I do not proceed to consider the merits of Plaintiff's claims.

## IV.   <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint, (Doc. 69), is GRANTED.  The Clerk of Court is respectfully directed to terminate the open motion at Document 69, and is further directed to close this case.  The Clerk is further directed to mail a copy of this Opinion & Order to the pro se Plaintiff.

SO ORDERED.

Dated: May 13, 2020
       New York, New York

Vernon S. Broderick
United States District Judge